WESTERN SELECT SECURITIES, INC., Plaintiff–Appellant,

v.

SAN FRANCISCO CITY AND COUNTY EMPLOYEES' RETIREMENT SYSTEM; City and County of San Francisco; Nicholas Applegate Capital Management; Desdner RCM Global Investors LLC; Asset Strategy Consulting LP; The Northern Trust Company; Michael Yaki; Clare Murphy; Carolyn Hamilton; Richard J. Piket; Carl Wilberg; Marivic Bamba; Jonnie Robinson; Kay Gulbengay; Larry Davanzo; Kenneth B. Weeman; Larry Speidell; Zula Jones, Defendants–Appellees.

No. 00–15198.

D.C. No. CV–99–04153–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2001.

Decided July 12, 2001.

Before SCHROEDER, Chief Judge, LAY,* and THOMPSON, Circuit Judges.

MEMORANDUM **

Western Select Securities, Inc. appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of its suit against the City and County of San Francisco, several city organizations, and their employees, as well as a number of private investment companies and their employees. It alleges that the public and private defendants conspired to exclude Western Select and other woman-, minority-, and locally-owned businesses from participating in the investment management of the San Francisco Employees' Retirement System ("SFERS"). Plaintiffs allege violation of the Racketeer Influenced Corrupt Organization ("RICO") law, 18 U.S.C. § 1961, et seq.

---

* The Honorable Donald Lay, Senior Circuit Judge for the Eighth Circuit sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

■ The key issue is whether the allegations of the complaint were sufficient to state a RICO claim. Under our well-established law, the complaint must show that the alleged predicate acts of mail and wire fraud proximately caused the plaintiff specific injury. *See Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 267–68, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992)(discussing proximate cause requirement); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (discussing injury requirement); *Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1309 (9th Cir.1992) (plaintiffs seeking RICO damages for violation of regulation setting aside contracts for woman and minority-owned businesses must allege a specific public injury or lost business opportunity). Plaintiffs have alleged no such injury. The failure of SFERS or its prime contractors to assign more trades to Western Select does not constitute a direct injury proximately caused by the predicates. Moreover, the predicates actually set forth in the complaint appear to relate principally to reporting practices in connection with SFERS transactions, not to any mail or wire fraud.

■ The plaintiffs also seek damages for violation of San Francisco Administrative Code § 12D ("12D ordinance"), which requires City departments to make a good faith effort to provide opportunities for woman, minority, and locally-owned businesses to compete for City contracts. The terms of the ordinance make it clear, however, that it contains its own enforcement provisions that do not create any claim for direct judicial relief or private cause of action.

■ Plaintiffs also allege that some or all of the defendants owe plaintiffs a fiduciary duty that was breached. California recognizes a fiduciary obligation only when law imposes such a relationship or when one party knowingly acts on behalf and for the benefit of another. *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 221, 197 Cal. Rptr. 783, 673 P.2d 660 (1983). Neither situation exists here. Under California law, defendants owe plaintiffs no fiduciary duty. Contrary to plaintiff's contention, the terms of the 12D ordinance do not establish a fiduciary duty as a matter of law, nor do they guarantee Western Select or any other brokerage a minimum amount of SFERS business.

■ The district court did not err in dismissing the plaintiffs' state fraud claim, because plaintiffs have not alleged material misrepresentation, injury, and reliance as required under California law. *See Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226, 1239, 44 Cal.Rptr.2d 352, 900 P.2d 601 (1995).

■ To the extent that the plaintiff asks us to remand with instructions to permit amendment of the complaint, we decline the request. At no time has the plaintiff, before the district court or during the course of this appeal, indicated how it could cure the defects in the complaint, and we independently are unable to perceive any way that it can do so. *See Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir.1992)(leave for plaintiff to amend complaint after Rule 12(b)(6) dismissal is appropriate only if there is a distinct, cognizable claim that could be stated, consistent with the facts and allegations set forth in the complaint).

AFFIRMED.